United States District Court
Southern District of Texas
**ENTERED**
May 11, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ANDREW BURKE,                          §
Inmate #00242515,                      §
                                       §
          Plaintiff,                   §
                                       §
v.                                     §     CIVIL ACTION NO. H-23-0300
                                       §
LT. SCOTT SOLAND,                      §
                                       §
          Defendant.                   §

## MEMORANDUM OPINION AND ORDER

The plaintiff, Andrew Burke (Inmate #00242515), has filed a Prisoner's Civil Rights Complaint under 42 U.S.C. § 1983 ("Complaint")(Docket Entry No. 1), concerning an incident that occurred during his confinement at the Fort Bend County Jail in Richmond, Texas. Because Burke is a prisoner who proceeds in forma pauperis, the court is required by the Prison Litigation Reform Act ("PLRA") to scrutinize the claims and dismiss the Complaint, in whole or in part, if it determines that the Complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b); see also 28 U.S.C. § 1915(e)(2)(B). After considering all of the pleadings, the court concludes that this case must be dismissed for the reasons explained below.

## I. **Background**

Burke is currently confined at the Fort Bend County Jail as a pretrial detainee.[1]  Public records from the Fort Bend County District Clerk's Office confirm that he has been charged with indictments for several serious felonies, including: (1) aggravated assault with a deadly weapon in Case No. 21-DCR-097693; (2) assault on a public servant in Case No. 21-DCR-097923; and (3) solicitation of capital murder for remuneration in Case No. 22-DCR-099866.[2]  He was also charged recently with misdemeanor assault causing bodily injury in Case No. 23-CCR-231922.[3]

Burke has filed this lawsuit against Lieutenant Scott Soland, who works at the Jail.[4]  Burke alleges that Lieutenant Soland was escorting him to see a "treatment team" when Soland displayed a "C.I.A. badge as a form of intimidation."[5]  Burke contends that Soland threatened to go to court for purposes of forcibly medicating Burke with anti-psychotic medication (Haldol).[6]  Burke

---

[1]Complaint, Docket Entry No. 1, p. 3.  For purposes of identification, all page numbers refer to the pagination imprinted by the court's electronic filing system, CM/ECF.

[2]See Fort Bend County District Clerk's Office, available at: https://www.tylerpaw.co.fort-bend.tx.us (last visited May 9, 2023).

[3]See id.

[4]Complaint, Docket Entry No. 1, p. 3.

[5]Id. at 4.

[6]Id.  The court takes judicial notice of "Mental Health Sick
(continued...)

claims that Soland then "grabbed [Burke's] behind" and threatened to rape him in the future.[7]  Burke alleges that Soland also threatened to kill him if he did not cooperate.[8]

Exhibits attached to the Complaint show that Burke filed three grievances against Lieutenant Soland, accusing him of sexual abuse in connection with this incident, which reportedly occurred on January 2, 2023.[9]  The grievances were assigned to a "PREA Investigator" (referring to the Prison Rape Elimination Act), who determined that Burke's allegation of sexual abuse was "**Unfounded**" after interviewing witnesses and viewing surveillance footage.[10]

Invoking 42 U.S.C. § 1983, Burke accuses Lieutenant Soland of "aggravated sexual assault" as well as making "death threats" against him.[11]  Burke seeks immediate release from custody and

---

[6](...continued)
Calls" submitted in another lawsuit filed by Burke, which disclose that he has a mental health disorder and has repeatedly refused medication.  See Exhibits in Burke v. Mundin, Civil No. H-22-4364 (S.D. Tex.) (Docket Entry No. 12, pp. 3, 5-6).

[7]Complaint, Docket Entry No. 1, p. 4.

[8]Id.

[9]Inmate Grievances attached to Complaint, Docket Entry No. 1, pp. 7-9.

[10]Fort Bend County Sheriff's Office, Detention Bureau Investigations Unit Memorandum dated January 9, 2023, attached to Complaint, Docket Entry No. 1, p. 6 (emphasis in original).

[11]Complaint, Docket Entry No. 1, p. 3.

$50,000,000.00 in damages.[12]  The court concludes, however, that the
Complaint must be dismissed because Burke fails to articulate a
claim upon which relief may be granted under 42 U.S.C. § 1983.

## II.  **Standard of Review**

Federal district courts are required by the Prison Litigation
Reform Act ("PLRA") to screen prisoner complaints to identify
cognizable claims or dismiss the complaint if it is frivolous,
malicious, or fails to state a claim upon which relief may be
granted. See Crawford-El v. Britton, 118 S. Ct. 1584, 1596 (1998)
(summarizing provisions found in the PLRA, including the
requirement that district courts screen prisoners' complaints and
summarily dismiss frivolous, malicious, or meritless actions); see
also Coleman v. Tollefson, 135 S. Ct. 1759, 1761-62 (2015)
(discussing the screening provision found in the federal in forma
pauperis statute, 28 U.S.C. § 1915(e)(2), and reforms enacted by
the PLRA that were "'designed to filter out the bad claims [filed
by prisoners] and facilitate consideration of the good'") (quoting
Jones v. Bock, 127 S. Ct. 910, 914 (2007))(alteration in original).

A complaint is frivolous if it "'lacks an arguable basis
either in law or in fact.'" Denton v. Hernandez, 112 S. Ct. 1728,
1733 (1992) (quoting Neitzke v. Williams, 109 S. Ct. 1827, 1831
(1989)).  "A complaint lacks an arguable basis in law if it is

─────────────

[12]Id.

-4-

based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." Harper v. Showers, 174 F.3d 716, 718 (5th Cir. 1999) (citations and internal quotation marks omitted). "A complaint lacks an arguable basis in fact if, after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless." Talib v. Gilley, 138 F.3d 211, 213 (5th Cir. 1998)(citation omitted).

To avoid dismissal for failure to state a claim, the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level[.]" Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007) (citation omitted). If the complaint has not set forth "enough facts to state a claim to relief that is plausible on its face," it must be dismissed. Id. at 1974. A reviewing court must "accept all well-pleaded facts as true and construe the complaint in the light most favorable to the plaintiff." Heinze v. Tesco Corp., 971 F.3d 475, 479 (5th Cir. 2020) (citation omitted). But it need not accept as true any "conclusory allegations, unwarranted factual inferences, or legal conclusions." Id. (internal quotation marks and citations omitted); see also White v. U.S. Corrections, LLC, 996 F.3d 302, 307 (5th Cir. 2021) (same). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937,

1949 (2009) (citing <u>Twombly,</u> 127 S. Ct. at 1965).

### III.   <u>Discussion</u>

#### A.   **Request for Release From Confinement**

Burke asks the court to grant him release on his own recognizance.[13] Alternatively, Burke appears to ask the court to issue a writ of habeas corpus to release him from the Fort Bend County Jail.[14] These claims are not actionable in a lawsuit under 42 U.S.C. § 1983. The writ of habeas corpus provides the remedy for prisoners who challenge the "fact or duration" of their confinement and seek "immediate release or a speedier release from that imprisonment." <u>Preiser v. Rodriguez,</u> 93 S. Ct. 1827, 1841 (1973). Therefore, his request for release from confinement will be dismissed for failure to state a claim upon which relief may be granted.[15]

#### B.   **Verbal Threats**

"To state a claim under § 1983, a plaintiff must (1) allege a violation of rights secured by the Constitution or laws of the

---

[13]Complaint, Docket Entry No. 1, p. 4.

[14]<u>Id.</u>

[15]The court notes that Burke has filed several habeas corpus petitions seeking his release on bond, which have been dismissed for failure to exhaust available state court remedies. <u>See Burke v. Fagan,</u> Civil No. H-22-4407 (S.D. Tex. Dec. 28, 2022)(Docket Entry No. 5); <u>Burke v. Fagan,</u> Civil No. H-23-104 (S.D. Tex. Feb. 8, 2023)(Docket Entry No. 3); <u>Burke v. Fagan,</u> Civil No. H-23-993 (S.D. Tex. April 17, 2023)(Docket Entry No. 8).

United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law." <u>Sanchez v. Oliver,</u> 995 F.3d 461, 466 (5th Cir. 2021) (citation omitted). Burke alleges that Lieutenant Soland violated his rights by verbally threatening to harm him in the future.[16]

The Fifth Circuit has repeatedly held that verbal threats against an inmate by a detention officer or guard do not amount to a constitutional violation and are not actionable under 42 U.S.C. § 1983. <u>See Calhoun v. Hargrove,</u> 312 F.3d 730, 734 (5th Cir. 2002); <u>see also Larson v. Westbrook,</u> 799 F. App'x 263, 264 (5th Cir. 2020) (per curiam) (holding that "verbal threats and threatening gestures, standing alone, do not amount to a constitutional violation") (citations omitted). Accordingly, this allegation will be dismissed for failure to state a claim upon which relief may be granted.

## C.   Unwanted Touching

Burke also alleges that Lieutenant Soland sexually assaulted him by grabbing his "behind" while escorting him to receive treatment.[17] It is well established that not every unwanted malevolent touch by a prison guard gives rise to a federal cause of action. <u>See Hudson v. McMillian,</u> 112 S. Ct. 995, 1000 (1992)

---

[16]Complaint, Docket Entry No. 1, p. 4.

[17]<u>Id.</u>

-7-

(citing <u>Johnson v. Glick,</u> 481 F.2d 1028, 1033 (2d Cir. 1973) ("Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights.")).  The Constitution excludes from recognition <u>de minimis</u> uses of physical force, provided that the use of force is not of a sort "'repugnant to the conscience of mankind.'"  <u>Hudson,</u> 112 S. Ct. at 1000 (citation and quotation omitted).

Courts have concluded that a prison official's sexual abuse of an inmate may reach constitutional dimensions and give rise to a claim under 42 U.S.C. § 1983 if the allegations are sufficiently serious.  <u>See, e.g.,</u> <u>Boddie v. Schnieder,</u> 105 F.3d 857, 860-61 (2d Cir. 1997) (affirming the dismissal of an inmate's allegations that he was "verbally harassed, touched, and pressed against without his consent" as not "objectively, sufficiently serious" to state a constitutional violation).  Although Burke has characterized the incident involving Lieutenant Soland as a sexual assault, his allegations are more accurately characterized as a brief, isolated instance of unwanted touching that did not result in any physical injury.[18]  Assuming that his allegations are true for purposes of

---

[18]The PLRA precludes an action by a prisoner for compensatory damages "for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act (as defined in section 2246 of Title 18)."  42 U.S.C. § 1997e(e).  The plaintiff does not allege that he suffered a physical injury.  Nor does he describe a sexual act as that term is defined in 18 U.S.C. § 2246(2).  As a result, the PLRA precludes any claim for compensatory damages based on mental or emotional distress. <u>See Alexander v. Tippah County, Miss.,</u> 351 F.3d 626, 631

(continued...)

reviewing the Complaint under the PLRA, 28 U.S.C. § 1915A(b), his allegations are insufficient to state a claim.

The Fifth Circuit has held in a series of unpublished opinions that "[w]hile violent sexual assaults involving more than <u>de minimis</u> force are actionable under the Eighth Amendment, . . . isolated, unwanted touchings by prison employees, though 'despicable and, if true, they may potentially be the basis of state tort actions . . . they do not involve a harm of federal constitutional proportions as defined by the Supreme Court.'" <u>Copeland v. Nunan</u>, 250 F.3d 743, 2001 WL 274738, at *3 (5th Cir. 2001) (per curiam) (quoting <u>Boddie</u>, 105 F.3d at 860-61); <u>see also</u> <u>Allen v. Johnson</u>, 66 F. App'x 525, 2003 WL 21017401, at *1 (5th Cir. 2003) (per curiam) (affirming the district court's dismissal of a case as frivolous where a prisoner alleged that the guard touched him in a sexual manner during routine pat-down searches); <u>Pryer v. Walker</u>, 385 F. App'x 417, 418, 2010 WL 2836160, at *1 (5th Cir. 2010) (per curiam) (concluding that a prisoner's claim of sexual abuse against a female prison guard, who rubbed his chest and made comments about his hair and chest during an electrocardiogram, were properly dismissed as frivolous).

Several district courts within the Fifth Circuit have also concluded that incidents involving a single, brief encounter that did not result in physical injury do not violate the Constitution.

---

[18](...continued)
(5th Cir. 2003) (per curiam).

-9-

See Felan v. Fernandez, Civ. A. No. SA-17-CV-880-XR, 2019 WL
3781443, at *4 (W.D. Tex. Aug. 12, 2019) (dismissing a prisoner's
claim that an officer grabbed his buttocks as "isolated, unwanted
touching" rather than "repugnant contact of a sexual nature that
offends modern standards of decency"); Ben v. Brinks, No.
EP-13-CV-00023-KC-ATB, 2014 WL 931796, at *2 (W.D. Tex. Feb. 13,
2014) rec. adopted, 2014 WL 931432 (W.D. Tex. Mar. 10, 2014)
(dismissing for failure to state a claim the plaintiff's allegation
that he was awakened one night by a guard rubbing and touching his
inner thighs and buttocks); Brown v. Sloan, No. 1:09-CV-01066, 2010
WL 476720, at *2 (W.D. La. Feb. 10, 2010) (holding that a single
incident of physical touching or fondling during a shakedown was
not "the kind of 'severe and repetitive' abuse or wanton and
sadistic infliction of pain that rises to the level of an Eighth
Amendment violation"); Wright v. Thompson, No. 3:09-CV-1544, 2010
WL 3282955, at *4-5 (W.D. La. June 30, 2010), rec. adopted, 2010 WL
3282957 (W.D. La. Aug. 17, 2010) (dismissing claims of sexual abuse
by an officer who allegedly touched the plaintiff's penis on one
occasion as a "single, brief physical contact" which, even when
coupled with verbal harassment, was "not sufficiently serious and
pervasive to permit redress under the Eighth Amendment").

Because Burke's allegations are insufficient to establish a
constitutional violation or an actionable claim under 42 U.S.C. §
1983, his Complaint will be dismissed for failure to state a claim

upon which relief may be granted.

### IV.  Conclusion and Order

Based on the foregoing, the court **ORDERS** as follows:

1.  The Prisoner Civil Rights Complaint under 42 U.S.C. § 1983 filed by Andrew Burke (Docket Entry No. 1) is **DISMISSED WITH PREJUDICE.**

2.  The dismissal will count as a strike for purposes of 28 U.S.C. § 1915(g).

**The Clerk is directed to provide a copy of this Memorandum Opinion and Order to the plaintiff.  The Clerk will also send a copy of this Order to the Manager of Three Strikes List at Three_Strikes@txs.uscourts.gov.**

**SIGNED** at Houston, Texas, on this 11th day of May, 2023.

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE